
FILED

MAY 1 0 2021

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:21-CR-** 53 |
| | ) | **JUDGES** Jordan/Guyton |
| **MICHELLE LYNN CLABOUGH,** | ) | |
| **Defendant.** | ) | |

**INFORMATION**

The United States charges that:

At all times relevant to these charges, Bender and Associates Structural Engineers, LLC ("B&A") was a structural engineering company in Knoxville Tennessee. MICHELLE LYNN CLABOUGH ("CLABOUGH") was employed with B&A as a secretary from August of 2011 until June 26, 2019. B&A was owned by Richard Bender ("Bender"). Bender also owned Forest Court Properties ("FCP") which operated rental properties.

CLABOUGH was responsible for preparing checks out of the B&A and FCP accounts for operating expenses. CLABOUGH then presented the checks for authorized signature. CLABOUGH never had signatory approval for B&A or FCP bank accounts.

B&A had an operating bank account XXX9973, with US Bank. FCP had an operating bank account, XXX7180 at ORNL Federal Credit Union ("ORNL") for expenses.

From 2012 through 2019, CLABOUGH uttered over 250 unauthorized checks on the B&A, US Bank account and FCP, ORNL account, payable to herself and forging the authorized signatory's name. The total amount of the forged checks that the defendant uttered was seven hundred twenty-five thousand, dollars ($725,000.00).

**COUNT 1**
**Forging Private Entity Securities in violation of 18 U.S.C. § 513(a)**

On or about June 13, 2016, within the Eastern District of Tennessee, defendant MICHELLE LYNN CLABOUGH did knowingly forge and utter a FCP company check on the ORNL account XXX7180 made payable to defendant in the amount of six thousand eight hundred dollars ($6,800.00), with intent to deceive FCP, a company affecting interstate commerce, in violation of Title 18, United States Code, Section 513(a).

**COUNT 2**
**Forging Private Entity Securities in violation of 18 U.S.C. § 513(a)**

The United States further charges, on or about, March 31, 2017, within the Eastern District of Tennessee, defendant MICHELLE LYNN CLABOUGH did knowingly forge and utter a B&A company check on US Bank account XXX9973, made payable to defendant in the amount of six thousand dollars ($6000.00), with intent to deceive B&A, a company affecting interstate commerce, in violation of Title 18, United States Code, Section 513(a).

**COUNT 3**
**Filing a false Statement in violation of 26 U.S.C. § 7206(1)**

The United States further charges that, on or about February 21, 2019, within the Eastern District of Tennessee, defendant MICHELLE LYNN CLABOUGH, a resident of Knoxville, Tennessee, did willfully make and subscribe a 1040 United States Individual Income Tax Return for the year 2018, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter, in that the Form 1040 U.S. Individual Income Tax Return for the year 2018, which was prepared and signed in the Eastern District of Tennessee and was filed with the Internal Revenue Service, stated that defendant had received $34,389.00 in wages, tips and other income, whereas, as she then and there knew she had additional fraudulent income of approximately $130,000.00

that defendant had obtained as described above, in violation of Title 26, United States Code, Section 7206(1).

**COUNT 4**
**Falsification of Records in Bankruptcy**

The United States further charges that January 24, 2020, within the Eastern District of Tennessee, defendant MICHELLE LYNN CLABOUGH did knowingly and fraudulently conceal, cover up, falsify, and make false entry by omission, a Chapter 13 bankruptcy petition styled: In re Michelle Lynn Clabough, Bankr. Cas. No. 3:20-bk-30233, Bankr. E.D. Tenn. with the intent to impede, obstruct, and influence the investigation and proper administration of said voluntary bankruptcy case, a matter that the defendant contemplated was within the jurisdiction of the Office of the United States Trustee, a department and agency of the United States, in violation of Title 18 United States Code, Section 1519.

**FORFEITURE ALLEGATIONS**

1. The allegations contained in Counts One through Three of this Information are re-alleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 26, United States Code, Section 7301 and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 513(a), the defendant, MICHELLE LYNN CLABOUGH shall forfeit to the United States of America her interest in any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 513(a).

3. Pursuant to Title 26, United States Code, Section 7301 and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 26, United States Code, Section 7206(1), the defendant, MICHELLE LYNN CLABOUGH shall forfeit to the United States of America her interests in and including but not limited to the following:

(a) Any property sold or removed by the defendant in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which was removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof;

(b) All property manufactured into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax;

(c) All property whatsoever, in the place or building, or any yard or enclosure, where the property described in subsection (a) or (b) is found, or which is intended to be used in the making of property described in subsection (a), with intent to defraud the United States of tax or any part thereof, on the property described in subsection (a);

(d) All property used as a container for, or which shall have contained, property described in subsection (a) or (b); and

(e) Any property used to transport or for the deposit or concealment of property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a).

4. If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

By: [signature]
Jennifer Kolman
Assistant United States Attorney