| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:21-CR-53 |
| ) | Judge Jordan |
| ) | |
| MICHELLE LYNN CLABOUGH ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by the United States Attorney for the Eastern District of Tennessee submits the following sentencing recommendations with respect to the defendant, Michelle Lynn Clabough. For the reasons set forth herein, the United States respectfully submits that a sentence of a total offense level of twenty-two (22) with the guideline range of forty-one to fifty-one (41-51) months imprisonment, followed by three (3) years of supervised released and the agreed upon restitution to the victim and the Internal Revenue Service (IRS) is appropriate. A sentence within the guideline range is sufficient but not greater than necessary to comply with 18 U.S.C § 3553(a).

**STATEMENT OF FACT**

*1. Overview*

The defendant was employed with Bender and Associates Structural Engineers, LLC (B&A), in Knoxville, in the Eastern District of Tennessee. The defendant served as a secretary for B&A's office manager from the years 2010-2019. During her tenure at B&A she managed two bank accounts, US Bank, XXX9973 and XXX7180 at ORNL Federal Credit Union (ORNL). Her duties were to prepare payroll and write out expense checks from the accounts. The defendant never had signatory authority on either account.

From 2012 through 2019, the defendant fraudulently wrote and forged signatures upon more than two hundred and fifty (250) checks payable to herself from both the accounts. The defendant uttered the fraudulent checks with intent to deceive and to steal approximately $725,000.00. During the seven (7) years she was stealing the three quarters of a million dollars, the defendant intentionally sought to avoid the payment of income taxes on said earnings. Defendant did so by submitting tax returns that were false as to the material matter of the defendant's income for each year in which the defendant had illegally derived earnings from her theft operation. The seven (7) years of intentional submission of false and fraudulent income tax returns resulted in a tax loss of $134,421.00.

Her deceit did not stop even after she was approached by IRS agents and admitted to the seven (7) years of theft. Two days later the defendant filed a Chapter 13 bankruptcy petition wherein she willfully omitted any mention of the income she fraudulently derived through her embezzlement of funds. Defendant omitted such income from her financial disclosures to the bankruptcy court to prevent such funds from becoming part of her bankruptcy estate and available for disbursement to creditors, thereby obstructing the proper administration of her bankruptcy case.

## ANALYSIS

1. *The factors stated in 18 U.S.C. § 3553(a) favor the imposition of a sentence within the guideline range.*

The sentence to be imposed should be sufficient, but not greater than necessary, to comply with the following purposes.

   a. *A sentence in the applicable guidelines range would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the defendant.*

2

The defendant committed serious crimes. Although the defendant pled to two counts of forging of securities of a private entity in violation of 18 U.S.C. § 513(a), her criminal actions did not stop after uttering two forged checks. The defendant's criminal acts spanned seven years and over two hundred and fifty (250) individual criminal acts. She could have stopped at any time but chose to continue stealing from her employer who trusted her. Defendant would not have stopped stealing but for her crimes being discovered resulting in her termination. Most upsetting to the defendant's victim was that he considered the defendant to be part of the "work family". The victim had even given the defendant's husband odd jobs to do around the apartment complexes the victim owned/managed. The defendant was not stealing from a faceless conglomerate but a family man she knew trusted her. The defendant capitalized on that trust to steal a huge sum of money.

In committing her crimes, the defendant demonstrated she had no respect for her employer or the law. Not only did she steal from her employer, but she stole from the government in failing to report her stolen earnings of three quarters of a million dollars. Arguably, most thieves do not report their illegally derived incomes to the government. However, most galling about the defendant's criminal acts was the audacity of her filing a bankruptcy petition just two days after she had spoken to IRS agents and admitted her crimes. The lack of respect for the law and her victim is also evident in that she and her husband's reported combined monthly income of almost six thousand dollars with total monthly cash flow of under three thousand dollars and yet has made no offer to begin making her victim whole prior being ordered to do so at sentencing. [Doc. 14, PSR, ¶ 83].

Just punishment is particularly important in this case. A balance between imprisonment

3

and time for the defendant to pay back the money she owes her victim, and the government is an important consideration. It is not surprising that although the defendant stole three quarters of a million dollars, she had nothing to show for it. [Id.]. Her actions and lack of assets to pay anything toward restitution demonstrates her utter lack of remorse of desire to make the victims whole.

This was a serious ongoing crime that deserves a guideline range imprisonment sentence followed by supervised release.

    b. ***A sentence to include imprisonment would afford adequate deterrence to criminal conduct.***

Section 3553 also guides the Court to consider the need for a sentence that affords adequate deterrence to criminal conduct. From the standpoint of sentencing, deterrence takes two forms: (1) specific deterrence, to deter similar crimes by the defendant who is being sentenced, and (2) general deterrence, to deter criminal actions by others who may contemplate committing similar offenses. A sentence at the high end of the guidelines range is consistent with both purposes.

It is important to educate the community to promote general deterrence. The public needs to understand that stealing from an employer most likely means you are also stealing from the government if you fail to report ill-gotten gains when filing taxes. Further, if you try to hide your theft crimes by filing bankruptcy you have just committed an additional crime.

As stated above the defendant is devoid of any remorse for her actions. A sentence within the guideline range will hopefully send the defendant a specific deterrence message that stealing over three quarters of a million dollars from an employer who trusted you and gave your husband odd jobs for over seven (7) years will send you to prison.

4

## CONCLUSION

Only a guideline sentence of forty-one to fifty-one months imprisonment followed by three (3) years of supervised released and the agreed upon restitution to the victim is appropriate. A guideline sentence is sufficient to reflect the seriousness of the defendant's offenses, promote respect for the law, and provide just punishment and would be consistent with the goals of 18 U.S.C. § 3553.

                                      Respectfully submitted,

                                      Francis M. Hamilton III
                                      United States Attorney

By:    s/ Jennifer Kolman
          Jennifer Kolman
          Assistant United States Attorney
          800 Market Street, Suite 211
          Knoxville, Tennessee 37902
          (865) 545-4167
          jennifer.kolman@usdoj.gov
          GA Bar #427930